FONT v. ANDREU ET AL.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 73. Resuelto en Marzo 27, 1905.

BIENES PROPIOS DE LA MUJER.—CARGAS DE LA SOCIEDAD DE GANANCIALES.—Las disposiciones del artículo 248 del Código de Enjuiciamiento Civil no pueden afectar los derechos adquiridos por una parte, en virtud de sentencia ejecu-

toria, dictada con anterioridad á la fecha en que dicho Código empezó á re-
gir, y por la que se declaró válido y subsistente un embargo trabado sobre las
rentas y productos de los bienes propios de la mujer, para responder á obli-
gaciones contraídas por la sociedad de gananciales.

SENTENCIA.—COSA JUZGADA.—Las disposiciones de una ley no pueden afectar en
modo alguno los pronunciamientos contenidos en una sentencia dictada con
anterioridad á la fecha en que empezó á regir, sin violentar los principios que
sancionan la santidad de la cosa juzgada.

ID.—CUMPLIMIENTO DE SENTENCIA.—Si á falta de un procedimiento expresamen-
te establecido por el Código de Enjuiciamiento Civil, la Corte inferior se hu-
biere ajustado en el cumplimiento de una sentencia, al procedimiento esta-
blecido en el art. 931 y siguientes de la antigua Ley de Enjuiciamiento Civil,
como tal procedimiento parece estar en armonía con el espíritu del nuevo Có-
digo, su aplicación es procedente, según el art. 36 de dicho Código.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Falcón.*

Abogado del apelado: *Sr. López Landrón.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del Tribunal.

Descartando todo lo que no sea la materia objeto de la apelación, expondremos los antecedentes del caso someti-do á la consideración de esta Corte Suprema.

Da. Catalina Font y Pons siguió contra D. Paulino An-dreu juicio ejecutivo ante la Corte de Distrito de San Juan, fundándose en que éste por escritura pública de 27 de Julio de 1895 recibió de aquella tres mil pesos á cam-bio de pasarle una pensión anual de setecientos veinte pe-sos ó sea sesenta pesos el día último de cada mes, sin que el obligado hubiese cumplido con la obligación que se im-puso y seguido el juicio por sus trámites se dictó senten-cia en quince de Diciembre de 1899, cuya parte dispositi-và dice así:

"*Fallamos* que debemos mandar y mandamos seguir adelante la
ejecución despachada hasta hacer trance y remate de los bienes em-
bargados y con su producto hacer pago á la ejecutante hasta cubrir
la cantidad principal reclamada ascendente á 1404 pesos, intereses
devengados y que se devenguen y costas causadas y por causar."

El embargo á que se refiere la parte dispositiva copia-da anteriormente se efectuó en veinte y ocho de Noviem-bre de 1899 sobre una finca denominada "Machuchal"

con casa habitación de madera, radicada en Santurce, barrio de esta Capital, compuesta de doscientas cuerdas de terreno y que según manifestó D. Roberto Pizarro la tenía arrendada en precio de veinte pesos mensuales á Da. Francisca García, esposa del ejecutado D. Paulino Andreu.

Como Da. Francisca García siguió una tercería de dominio contra la ejecutante y el ejecutado se resolvió en definitiva que debía seguir adelante la ejecución de Da. Catalina Font contra los frutos y productos de la finca "Machuchal" ya embargada en cuyo sentido se confirmó la sentencia que en dicha tercería dictara la Corte de Distrito de San Juan toda vez que la sentencia respetó la nuda propiedad en favor de Doña Francisca García. En cumplimiento de dicha sentencia se levantó el embargo de dicha finca y se limitó éste en cuatro de Junio de 1904 á los productos y rentas de la misma comprendidos en el espacio de tiempo que media entre el 28 de Noviembre de 1898, fecha del embargo de la finca, hasta el 3 de Diciembre de 1902 en que quedó firme la sentencia pronunciada en el juicio de divorcio que siguió la referida Doña Francisca Macías contra su esposo Don Paulino Andreu y cuya sentencia declaró con lugar el divorcio referido.

Así las cosas presentó en este ejecutivo y ante la Corte de San Juan el abogado representante de Doña Catalina Font y Pons una moción á fin de que se acordase un arbitraje para llevar á efecto la ejecución de la sentencia dictada.

Se funda esa moción en los artículos 205 y 209 del Código de Enjuiciamiento Civil vigente y que literalmente dicen así:

Art. 205.—No existiendo convenio entre las partes, podrá la Corte, á instancia de cualquiera de ellas, ó por propia iniciativa, disponer un arbitraje en los casos siguientes:

1. Cuando la resolución de una cuestión de hecho exigiere el exámen de una larga cuenta presentada por cualquiera de las partes,

en cuyo caso se podrá ordenar al árbitro que oiga y resuelva toda la cuestión, ó informe acerca de determinado punto de hecho que entrañe la misma;

2. Cuando el conocimiento de la liquidación de una cuenta sea necesario; la Corte para fallar, ó para dar cumplimiento á un fallo ú orden;

3. Cuando en una cuestión de hecho no comprendida en las alegaciones se suscitase por moción interpuesta, ó de otro modo en cualquier estado del pleito;

4. Cuando fuere necesario para ilustración de la Corte un procedimiento especial.''

''Art. 209.—Los árbitros deberán presentar su decisión por escrito á la Corte, dentro de de los veinte días después de terminar las pruebas practicadas ante ellos, y los hechos que resultaren probados y conclusiones de derecho, deberán ser expuestos separadamente.''

Esa moción se argumentó en Corte abierta negando la representación de Doña Francisca García el derecho de Doña Catalina Font y el arbitraje solicitado fundándose en el artículo 248 del moderno Código de Enjuiciamiento Civil que dice así:

''Art. 248.—Toda propiedad, real ó personal, perteneciente á una mujer casada, á la fecha de su matrimonio, ó que posteriormente adquiera por derecho propio, y todas las rentas, beneficios y productos de la misma, así como toda retribución que le sea debida ó le corresponda por sus servicios personales, estarán exentas de una orden de ejecución contra su esposo.''

El Juez emitió la siguiente opinión:

''Opinión de la Corte.—Catalina Font y Pons, demandante, vs. Paulino Andreu, demandado.—Opinión.—Por el Abogado de la demandante háse presentado ante esta Corte una moción solicitando el nombramiento de un árbitro con respecto al cumplimiento de la sentencia en este caso.—Es este un asunto que fué tramitado en la Corte de Distrito de San Juan y terminado por sentencia. Y guardan estrecha relación con este asunto otros dos también tramitados en la Corte de Distrito de San Juan, cuales son la tercería de dominio seguida por Doña Francisca García y Macías contra Doña Catalina Font y Pons y Don Paulino Andreu Morales y el divorcio ins-

tado.por Doña Francisca García y Macías contra su esposo Don Pau-
lino Andreu y Morales.    En la tercería se dictó sentencia en la
Corte de Distrito declarando que la nuda propiedad de la finca que
había sido embargada en el ejecutivo en el cual se hace la moción á
que nos referimos, pertenecía exclusivamente á Doña Francisca Gar-
cía y Macías, pero se declaró sin lugar la tercería en cuan-
to á los productos y rentas de la misma finca, productos y
rentas que debían considerarse como bienes gananciales.    Con-
tra la expresada sentencia se interpuso recurso de casación
para ante el Tribunal Supremo que fué resuelto en doce
de Abril de 1904 conteniendo la sentencia dictada el siguiente fallo:
"que debemos confirmar y confirmamos la sentencia que en 14 de
Noviembre de 1902 dictó la Corte de Distrito de San Juan con las
costas á cargo de la parte apelante Doña Francisca García y Macías,
sin perjuicio de los derechos que puedan corresponder á dicha Se-
ñora en virtud de la sentencia dictada en el pleito de divorcio se-
guido contra su esposo Don Paulino Andreu y remítanse los autos
de tercería y el de divorcio que se trajo en virtud del mejor proveer
con certificación de esta sentencia á la Corte de Distrito de San Juan."
Al pleito principal, ó sea al seguido por Doña Catalina Font contra
Don Paulino Andreu sobre cobro de pesos, que es en el que se ha
presentado la moción, se llevó constancia de las sentencias dictadas
en el caso de tercería y á virtud de gestión de la parte demandante
se dictó por la Corte de Distrito de San Juan en Junio 17 de 1904
una providencia ordenando que el embargo trabado sobre la finca
Machuchal se levantara y quedara subsistente sobre los productos
y rentas de la finca devengados desde la fecha de dicho embargo
28 de Noviembre de 1899 hasta la fecha en que quedó firme la sentencia
de divorcio dictada en el pleito seguido por la dicha Señora Doña
Francisca contra su esposo Don Paulino Andreu.—Tales son los hechos
que hemos creído conveniente establecer para poder resolver la
cuestión que ahora se presenta, que abarca en nuestro concepto
dos extremos: primero el de si deben ó no deben reconocerse dere-
chos á Doña Catalina Font y la manera de hacer efectivos esos de-
rechos, y segundo el de si debe ó no debe nombrarse un árbitro para
que juzgue la cuestión de hecho y presente su resolución á la Corte.
La moción presentada así ha sido argumentada debidamente en
Corte abierta por las partes interesadas por medio de sus abogados.
El Abogado de Doña Francisca García se opuso no solamente al
nombramiento de un árbitro sino á reconocer el derecho que pudiera
tener la demandante.    En cuanto á este último extremo adujo la

prescripción contenida en el artículo 248 del Código de Enjuiciamiento Civil que exime de ejecución toda propiedad real ó personal perteneciente á una mujer casada á la fecha de su matrimonio ó que posteriormente por derecho propio adquiera, y todas las rentas, beneficios y productos de la misma. La prescripción de este artículo es en verdad terminante. Nosotros ateniéndonos á ella no podríamos ordenar que una orden de ejecución contra el esposo se hiciera efectiva no ya en bienes propiedad de la esposa sino en sus productos; pero esto es actualmente, ó sea á partir del día primero de Julio de 1904 en que comenzó á regir el nuevo Código de Enjuiciamiento Civil. En el presente caso tenemos que resolver la cuestión con arreglo á la ley sustantiva vigente en el tiempo á que el juicio á que hemos hecho referencia se sustanciaron y decidieron, por lo tanto debemos aceptar como válida y eficaz la sentencia dictada en este pleito, tal como quedó á virtud de las sentencias dictadas en los otros pleitos que hemos mencionado, esto es, en la tercería y en el divorcio, cuyo justo estado se determina perfectamente en la providencia de la Corte de Distrito de San Juan de Junio 4 de 1904. Creemos por lo tanto que la sentencia pudo hacerse efectiva en los productos y rentas de la finca de Doña Francisca García obtenidos en el lapso de tiempo contenido entre el 28 de Noviembre de 1899 hasta la fecha en que quedó firme la sentencia de divorcio, ó sea mientras tales productos y rentas tuvieron el carácter de bienes gananciales. Por lo tanto debemos resolver la primera cuestión en el sentido de que no es posible dejar de reconocer el derecho que tiene Doña Catalina Font y Pons en este pleito á virtud de la sentencia en el mismo dictada en relación con las sentencias dictadas en los pleitos de tercería y divorcio de que tantas veces hemos hecho mérito. Ahora bien, y *entramos en la resolución de la segunda cuestión ¿debe nombrarse* un árbitro para resolver este caso? ¿Tal nombramiento está autorizado por la Ley?—Examinando ligeramente las prescripciones del Código con respecto á la materia, creemos que el presente caso no está comprendido en ellas; y además siendo un caso que tiene su origen en la legislación antigua, en el que están envueltas tres sentencias, en él ha demostrado su inconformidad la parte contraria la que pide el nombramiento del árbitro la Corte resolviendo la cuestión ya por la ley ya á su discreción, no creemos que debe someterse la cuestión á un árbitro. Nos parece que el procedimiento justo en este caso sería el que Doña Francisca García y Macías presente una liquidación de los productos y rentas obtenidos de la finca en cuestión durante el lapso de tiempo anteriormente marcado pudiendo la parte

contraria impugnar tal liquidación y en caso de que así lo hiciere someterse á prueba los hechos ante esta misma Corte hasta dictar la resolución que fuere procedente.—San Juan, Octubre 7 de 1904.— Leída en Corte abierta hoy siete de Octubre de 1904.—Emilio del Toro.—Juez.''

Se solicitó por Doña Francisca García Macías que se reconsiderase la anterior resolución dejándola sin efecto, pero el Juez declaró que no había lugar á tal reconsideración y entonces dispuso que la liquidación ordenada en el anterior provisto la presentase Doña Francisca García en el plazo de diez días.

Se estableció recurso de apelación por la representación de Doña Francisca García y ante esta Corte Suprema comparecieron las dos partes. El Abogado Don Ramón Falcón en representación de la apelante sostuvo en su alegato y en la vista que se revoque con costas la resolución de la Corte de Distrito y se resuelva que su representada Doña Francisca García no está obligada á formular la liquidación ordenada y por tanto á responder con el producto de su finca de la deuda reclamada á su esposo, puesto que aquellos productos y rentas no fueron embargados en su oportunidad y hoy lo prohibe el artículo 248 del Código de Enjuiciamiento Civil que anteriormente se insertó.

El Letrado Don Rafael López Landrón en iguales trámites y en representación de la parte apelada Doña Catalina Font, impugnó la pretensión contraria bajo el razonamiento de que la ejecutoria de cuyo cumplimiento se trata y el derecho de embargo adquirido por ella, son anteriores á la nueva ley procesal ganados legítimamente al amparo de la legislación anterior, y este estado de derecho anteriormente adquirido no puede arrebatarse á pretexto de un cambio legislativo procesal, tanto más cuanto que tal derecho se declaró en los autos de tercería que se tramitaron con citación y audiencia de Doña Francisca García Macías y concluye con la manifestación de que la

apelación es temeraria y debe rechazarse con las costas.

He ahí en síntesis la cuestión sometida á la consideración de esta Corte Suprema.

Como se ha visto en la demanda de tercería de dominio interpuesta por Doña Francisca García se declaró que la correspondía la nuda propiedad de la finca embargada en el ejecutivo que se siguió contra su esposo Don Paulino Andreu, pero también se declaró que los frutos y rentas debían responder de la deuda reclamada.

Esas declaraciones encuentran su sanción en los artículos 1385, apartado primero, y No. 3o. del 1401 del Código Civil anterior que dicen así:

"Art. 1385.—Los frutos de los bienes parafernales forman parte del haber de la sociedad conyugal y están sujetos al levantamiento de las cargas del matrimonio."

Art. 1401.—Son bienes gananciales:

. . . . . . . . . . . . . . . . . . . .

3o. Los frutos, rentas ó intereses percibidos ó devengados durante el matrimonio, procedentes de los bienes comunes ó de los peculiares de cada uno de los cónyugues."

Atendiendo á esas disposiciones fué que se limitó el embargo á los productos de la finca embargada.

Ahora bien, así las cosas ¿ puede aplicarse hoy el artículo 248 del Código de Enjuiciamiento Civil, ley adjetiva que comenzó á regir el primero de Julio de 1904 y que en absoluto niega la orden de ejecución contra las rentas, beneficios y productos de la finca de una mujer casada cuando se trata de deudas contraídas por su esposo?

En manera alguna puede llevarse á cabo esa conculcación de un derecho adquirido al amparo de una ley anterior de carácter sustantivo como el Código Civil, que se aplicó después de un amplio debate en juicio en que fué parte esa misma señora que hoy clama por su inaplicación.

Se trata aquí del cumplimiento de una sentencia ejecutoria.

·"Una sentencia, como dicen todos los comentaristas, forma entre las partes litigantes una especie de contrato y por eso la acción *judicati*, de cosa juzgada, esto es, la acción que á la parte que ha obtenido una sentencia, confiere la ley para hacerla ejecutar, es siempre personal, ya sea de la misma naturaleza ó puramente real la acción originaria. Proviene este principio de que los que entran en litigio ante un Tribunal. se entiende que se someten á la decisión, reservándose empero todas las vías de derecho que la ley concede para reformarla. De aquí es, que las razones que ponen á los contratos fuera del alcance de las leyes posteriores, militan igualmente para que no se anule una sentencia bajo pretexto de no ser conforme á una ley posterior que establece nuevas reglas. Nó, los derechos que al publicarse una nueva ley tenemos ya adquiridos sobre la materia de que trata, son en cuanto al fondo independientes de las nuevas reglas que la misma establece porque bajo este aspecto pertenecen á lo pasado."

Si esto es así, y siendo la sentencia y el embargo anteriores á la ley procesal vigente, es indiscutible que Doña Catalina Font tiene el derecho adquirido para cobrarse de las rentas y frutos de la finca de Doña Francisca García como así lo declaró la sentencia que contra ella se dictó después de agotar todos los recursos que las leyes la conceden.

Es un hecho consumado contra el que no puede irse sin violar la santidad de la cosa juzgada y se violaría indudablemente si hoy aplicásemos una ley de carácter adjetivo posterior como es el artículo 248 del Código moderno de Enjuiciamiento Civil que anula en absoluto el derecho sustantivo declarado por una sentencia ejecutoria.

El Juez de la Corte de San Juan parece, aunque no lo cita, que al ordenar una liquidación de las rentas, se ha fundado en el art. 391 y siguientes de la Ley de Enjuiciamiento Civil anterior á la vigente para el cumplimiento de la sentencia.

Nos parece discreta esa resolución puesto que pone á las partes en perfectas é iguales condiciones para discutir el alcance y forma de la liquidación de las rentas ó frutos producidos por la finca en el intervalo que de modo concreto se señala en la opinión del Juez.

El artículo 36 del moderno Código de Enj. Civil dice así:

"Artículo 36.—Cuando por este Código ó por otra ley se confiera jurisdición á una Corte ó funcionario judicial, se le confieren también todos los medios necesarios para hacerla efectiva; y en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en este Código ó en otra ley, podrá adoptarse cualquier otro procedimiento ó modo adecuado que parezca estar en más harmonía con el espíritu de este Código."

De modo que ya hemos visto que tenemos para este caso procedimiento señalado en otra ley artículos 931 y siguientes de la ley procesal anterior, y aunque esto no fuera así, siempre habría de convenir en que el adoptado por el Juez, es un procedimiento adecuado que parece estar en harmonía con el espíritu del nuevo Código de Enj, Civil.

En tal concepto, y por las razones expuestas anteriormente, creemos que debe confirmarse con las costas la resolución que en siete de Octubre de 1904 dictó la Corte de Distrito del Distrito de San Juan.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.